CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 0 9 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHELIA E. MUBEIDIN, ) | |
| ) | |
| Plaintiff, ) | Civ. No. 7:05CV00794 |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| ) | |
| HOMECOMINGS FINANCIAL ) | |
| NETWORK, INC.; SEBRING ) | |
| CAPITAL PARTNERS, LLC; ) | |
| SOUTHERN TRUST MORTGAGE, ) | |
| LLC; and CRAMWELL, MOORE & ) | |
| BULLINGTON, PLC, ) | By: James C. Turk |
| ) | Senior United States District Judge |
| Defendants. ) | |

Plaintiff Sheila E. Mubeidin, proceeding pro se with in forma pauperis status, filed this action on December 29, 2005 in conjunction with a motion for a temporary restraining order to halt defendants' foreclosure sale of her home on January 3, 2006. Mubeidin claims that defendants violated the Truth In Lending Act (TILA), 15 U.S.C. §1600 et seq., and the Single Family Mortgage Foreclosure Act of 1994 (SFMFA), 12 U.S.C. § 3751 et seq. The court heard Mubeidin's oral arguments concerning the motion and her underlying claims on December 30, 2005. By order of December 30, 2005, the court denied her motion pursuant to Federal Rule of Civil Procedure 65(b). This matter is now before the court on sua sponte review of her claims. Upon consideration of Mubeidin's claims, oral arguments, and the applicable law, the court finds that it lacks subject matter jurisdiction because her TILA claims are time-barred and her SFMFA claim is improper in this action. Therefore, the court will dismiss her claims with prejudice.

## I.

Mubeidin alleges the following facts. On February 12, 2001, Mubeidin signed a lease-purchase agreement to buy her home after a two-year lease period. Thereafter, on January 24, 2003, she closed on the purchase of her home by entering into a mortgage agreement and executing a deed of trust with defendants in the amount of $103, 632.00 plus interest. At the closing of the purchase of her home, and upon reviewing the mortgage agreement and deed of trust paperwork, Mubeidin discovered that the interest rates were 9.375% and 10% - much higher than she would have agreed to had these rates been disclosed to her when she entered the lease-purchase agreement in 2001. Unfortunately, following the purchase of her home in 2003 Mubeidin fell behind on her payments, lost her job, and filed for bankruptcy in January 2005.[1]

Mubeidin claims that defendants were deceptive concerning the interest rates on her mortgage and deed of trust because the rates were not disclosed to her until she closed the purchase of her home on January 24, 2003, and that defendants therefore violated 15 U.S.C. § 1638 of the TILA and its related regulations.[2] Mubeidin does not allege that her TILA claims are subject to equitable tolling, but yet she waited until December 29, 2005 to file the present action before this court. Additionally, she claims that defendants violated 12 U.S.C. § 3758 of the SFMFA because they failed to advertise the foreclosure sale of her home once a week for three

---

[1] At the in-chambers hearing on December 30, 2005, Mubeidin stated that her bankruptcy action was dismissed because soon after she filed the action she secured employment and could not miss work to appear in court out of fear she would lose her new job.

[2] Mubeidin maintains that because defendants violated various provisions of TILA, they also violated Regulation Z, 12 C.F.R., Part 226, and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. Because her TILA claims are time-barred, the court will dismiss her TILA claims. Therefore, the court will not address her claims under these additional regulations because they are not applicable to this action.

2

consecutive weeks prior to the sale on January 3, 2006—instead they advertised the foreclosure sale once a week for two consecutive weeks. Mubeidin does not allege that her mortgage is a federal loan or a loan that is federally secured.

At the in-chambers conference concerning her motion for a temporary restraining order, defendants averred that they advertised the foreclosure sale once a week for two consecutive weeks because that is required by the deed of trust, of which is also in accordance with Virginia law pursuant to Va. Code Ann. § 55-59.2 (1). Mubeidin did not contest this. In fact, Mubeidin reviewed her deed of trust with the court at the conference and found that it did in fact provide that defendants need only advertise the foreclosure sale once a week for two consecutive weeks. After review of Mubeidin's claims and consideration of her oral arguments, the court denied her motion for a temporary restraining order by order of December 30, 2005, and found that she failed to show she would suffer irreparable harm if the foreclosure sale was not stopped because her TILA claims were time-barred and her SFMFA claim was improper because it is not applicable to her mortgage.[3]

## II.

A federal court "must raise issues of subject matter jurisdiction sua sponte if it appears at any time that further exercise of the court's jurisdiction may be improper." Scott v. Wells Fargo Home Mortg., Inc., 326 F. Supp. 2d 709, 719-720 (E.D. Va. 2003) (sua sponte dismissing with prejudice pro se plaintiffs' Virginia usury law claims for lack of jurisdiction, and granting defendants' motion for summary judgment by finding plaintiff's TILA claims meritless)

---

[3]By order of December 29, 2005, the court granted Mubeidin's motion to proceed in forma pauperis.

3

(citations omitted), aff'd, 67 Fed. Appx. 238 (4th Cir. 2003) (unpublished). "[A] plaintiff has the burden of demonstrating that a substantial question of federal law is raised by their complaint. A mere allegation that a federal statute has been violated is not sufficient." Id. (citing, Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148 (4th Cir. 1994)). Viewing the facts and allegations pleaded by Mubeidin in her favor, the court finds that she fails to raise a substantial question of federal law. See id.; 28 U.S.C. §§ 1331,1367.

### III.

Mubeidin claims that defendants violated various TILA provisions because they failed to disclose the interest rates on her mortgage and deed of trust until she closed on the sale of her home on January 24, 2003. Mubeidin maintains that because she alleges that defendants violated the TILA, this action may be reviewed in federal court. However, under TILA the statute of limitations for civil liability is one year. 15 U.S.C. §1640(e). If a violation occurred, her time to file suit lapsed on January 24, 2004. Additionally, equitable tolling is applicable to the TILA one-year period of limitations where defendants fraudulently concealed information from the plaintiff during the statutory period and the plaintiff failed to discover those facts within the statutory period. E.g., Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998) (finding that equitable tolling applies to TILA to remedy the effects of fraudulent concealment); Barnes v. West, Inc., 243 F. Supp. 2d 559, 563 (E.D. Va. 2003) (citing, Supermarket of Marlinton v. Meadow Gold Dairies, 71 F.3d 119, 122 (4th Cir. 1995). Mubeidin fails to allege that the statutory period should be tolled. However, under Mubeidin's facts and allegations, the court must find that the statutory period cannot be tolled in this action. Mubeidin admits that she discovered the interest rates on January 24, 2003 at the time she closed the sale,

4

reviewed the paperwork, and signed the contracts. Mubeidin admits that at the closing defendants disclosed the interest rates to her. Despite her objections, Mubeidin nevertheless signed the contracts fully knowledgeable of the conditions of her loans and interest rates. Moreover, Mubeidin admits that she had knowledge of the interest rates and the total amount she would pay to defendants on her loans at the time she filed bankruptcy in 2005, yet she failed to file the present action alleging TILA violations until December 30, 2005. Therefore, the statutory period in which she could have filed suit expired on January 24, 2004. Because her claims are time-barred under 15 U.S.C. § 1640(e), Mubeidin fails to allege a substantial question of federal law and this court lacks jurisdiction over her TILA claims. See Wells Fargo Home Mortg., Inc., 326 F. Supp. 2d at 719-720.

Similarly, Mubeidin cannot use the SFMFA to prevent the defendants from taking possession of her home. See 12 U.S.C. §§ 3758, 3751. Mubeidin fails to allege a substantial question of federal law concerning her SFMFA claims. She alleges that defendants violated the federal publication requirements for foreclosure sales pursuant to 12 U.S.C. § 3758 (3)(A). Section 3758(3)(A) requires that the foreclosure sale be published once a week for three consecutive weeks before the date of the sale. Mubeidin asserts that defendants violated this statute because they published the sale once a week for two consecutive weeks as opposed to three consecutive weeks; and that therefore she raises a question of federal law. However, the SFMFA is not applicable to this action because her loan is not a federal loan or a federally secured loan. 12 U.S.C. § 3751; see also, Wells Fargo Home Mortg., Inc., 326 F. Supp. 2d at 719-720. The SFMFA's purpose is to create a uniform federal foreclosure remedy for single family mortgages that are federal loans or federally secured loans. 12 U.S.C. § 3751.

5

Nonetheless, even were the SFMFA applicable to Mubeidin's claims, the SFMFA requires that the law of the state where the federally secured property is located be applied to the timing of notice of a foreclosure sale, and that where no state law exists the federal requirements will then apply. 12 U.S.C. § 3758 (1). In Virginia, pursuant to Va. Code Ann. § 55-59.2, "[i]f a deed of trust provides for the number of [newspaper] publications [ ] then no other or different advertisements shall be necessary." At the in-chambers conference, Mubeidin did not contest that the deed of trust on her home provided that a foreclosure sale be published once a week for two consecutive weeks prior to the sale, nor did she contest that defendants complied with Virginia law when they adhered to publication requirements contained in her deed of trust. Therefore, Mubeidin's fails to raise a substantial question of federal law under the SFMFA, and the court finds that it lacks jurisdiction over her SFMFA claim or any related claims she may raise under state law.

### IV.

For the foregoing reasons, all claims in this action are dismissed with prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367.

**ENTER:** This ___ day of January, 2006.

*/s/ James C. Turk*
SENIOR UNITED STATES DISTRICT JUDGE

6

Case 7:05-cv-00794-JCT   Document 7   Filed 01/09/06   Page 6 of 6   Pageid#: 26